[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #110
The plaintiff has brought a two count complaint against the defendant to collect what it claims the defendant owes for telephone directory advertising and telephone service. The first count alleges a breach of contract and the second count alleges unjust enrichment.
In addition to his answer, the defendant has filed a counter claim in which he claims that he suffered damages because the CT Page 12671 plaintiff published an advertisement in the yellow pages which stated that the defendant offered free delivery service in connection with his pizza business, when in fact that advertisement had been cancelled.
The first count of counterclaim sounds essentially in breach of contract although arguably it might be construed to allege negligence. Initially the counterclaim contained a second count which alleged a violation of the Fair Debt Collection Practices Act, however that count has been withdrawn. In the third count of the counterclaim the defendant realleges the allegations of the first count, along with these of the now withdrawn second count, and alleges that such conduct constitutes a violation of the Connecticut Unfair Trade Practices Act. (CUTPA). It is the third count to which the plaintiff's motion to strike is directed.
Essentially, the factual claims of the defendant are that the plaintiff published the ad in question after the defendant had properly rescinded the contract between the parties with respect to such advertising. In the opinion of the court, those allegations do not raise to the level of a CUTPA violation so as to state a cause of action thereunder. See Emlee Equipment Leasing Corp. v.Waterbury Transmission, Inc., 41 Conn. Sup. 575, 580 (1981).
Although the plaintiff appears to disagree, the defendant claims in his brief that his counterclaim also alleges conduct which violates CUTPA, in that the plaintiff brought suit to attempt to collect on a contract which had been rescinded. Even if the counterclaim can be construed to contain such allegations the court does not believe that there is a sufficient basis contained therein for a CUTPA claim.
The motion to strike is therefore granted.
Bruce W. Thompson, Judge